UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
CHARITY FUND, THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, AND THE
DISTRICT COUNCIL FOR NEW YORK CITY
AND VICINITY,  and UNITED
BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-6-13

                    Plaintiff,

                                                    11 Civ. 6543 (PKC)

        -against-

                                                    MEMORANDUM
                                                    AND ORDER

SALVATORE MARSIGLIANO d/b/a
TARGET FLOORS,

                    Defendants.
------------------------------------------------------------x
P. KEVIN CASTEL, District Judge:

        Plaintiffs move to confirm an arbitration award pursuant to the Federal

Arbitration Act, 9 U.S.C. § 9, the Employee Retirement Income Security Act, 29 U.S.C. §

1132(a)(3) ("ERISA"), and the Labor Management Relations Act, 29 U.S.C. § 185 (the

"LMRA").  In August 2012, plaintiffs' motion was dismissed without prejudice and the case was

closed in light of the parties' proposed settlement agreement.  (Docket # 29.)  When the proposed

settlement was not consummated, this action was reopened, and the plaintiffs' motion to confirm

was restored.  (See Docket # 30.)

Plaintiff seeks to confirm the arbitration award against Salvatore Marsigliano, doing business as Target Floors. Marsigliano was not named as a respondent in the underlying arbitration, and now asserts that the arbitration award cannot be enforced against him. The plaintiffs, however, have come forward with evidence that Target Floors functioned as a sole proprietorship owned by Marsigliano, and in opposition, Marsigliano raises only ipse dixit contentions to the contrary. Marsigliano has submitted no affidavit or evidence that contradicts his past representations that asserted the sole proprietorship status of Target Floors. The motion to confirm the arbitration is therefore granted.

DISCUSSION

The following facts are undisputed. In 2001, Target Floors entered a collective bargaining agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, which, among other things, required Target Floors to pay contributions into employee benefit funds and to arbitrate any disputes arising under the agreement. (Award at 1-2.) On May 11, 2010, the relevant benefit funds (the "Funds") submitted an arbitration demand against Target Floors, asserting that Target Floors was delinquent in making fringe benefit contributions. (Award at 2-3.) At arbitration proceedings, defendant Salvatore Marsigliano appeared on behalf of Target Floors. (Award at 3.) He was not named as a respondent.

In the Award, the arbitrator reviewed evidence presented by the Funds and by Marsigliano on behalf of Target Floors. (Award at 4-6.) In a letter to an auditing firm dated May 10, 2010, Marsigliano described himself as "the sole proprietor of Target Floors." (Award at 4.) His letter stated, among other things, that he halted payment to the Funds when Target Floors suffered severe economic hardships in 2008, ultimately leading to the business's

dissolution and threatening his family's health insurance.  (Award at 4-5.)  The Award described

Marsigliano's circumstances as "compelling" and "gripping," but concluded that Target Floors

was nevertheless required to make contributions to the Funds.  (Award at 5-6.)  The arbitrator

awarded the Funds $85,203.16 from Target Floors.  (Award at 6-7.)

       Plaintiffs thereafter commenced this action, seeking to enforce the Award against

Marsigliano.  According to the Complaint, "[u]pon information and belief," Marsigliano "is an

individual doing business in the State of New York," and was an employer under ERISA and the

LMRA.  (Compl't ¶ 8.)  Plaintiffs assert that Target Floors is a sole proprietorship owned by

Marsigliano, and is not a corporation, LLC or some other entity.  (Pl. Mem. 4-5.)

       In at least two circumstances, Marsigliano identified Target Floors as a sole

proprietorship.  In the May 10, 2010 letter to an auditing firm, which is quoted in the Award,

Marsigliano called himself "the sole proprietor" of Target Floors.  (Award at 4-5.)  Separately,

plaintiffs submit an administrative form dated April 5, 2006, in which Marsigliano identifies

Target Floors as a sole proprietorship, even though the form contained options to certify as a

corporation, LLC or partnership.  (Epstein Dec. Ex. C.)

       In opposition, Marsigliano contends that Target Floors was a de facto corporation,

and that he therefore cannot be personally liable for any obligations to the Funds.  See generally

Garzo v. Maid of the Mist Steamboat Co., 303 N.Y. 516, 524 (1952).  However, Marsigliano has

submitted no affidavit, declaration or exhibits to support his assertion that Target Floors acted as

a de facto corporation.  The assertion is pure ipse dixit raised in an opposition memo.

Marsigliano also has offered no evidence to contradict his prior assertions that Target Floors

operated as a sole proprietorship.

As described in Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.,

2007 WL 1489806, at *3 n.7 (S.D.N.Y. May 21, 2007) (Berman, J.):

> A sole proprietorship is "[a] business in which one person owns all
> the assets, owes all the liabilities, and operates in his or her
> personal capacity." Black's Law Dictionary (8th ed. 2004).  "In
> contrast to a corporation, a sole proprietorship has no separate
> existence, but rather exists as the so-called 'alter ego' of the
> owner."  United Parcel Service of America, Inc. v. Net, Inc., 225
> F.R.D. 416, 421 (E.D.N.Y. 2005).

See also Victor Auto Parts, Inc.v. Cuva, 148 Misc. 2d 349, 351 (N.Y. Sup. Ct. Monroe Cnty.

1990) ("The mere creation of another name does not create another entity.  The name may

distinguish the business, just as an advertising logo does; it does not separate it.").  Because

Marsigliano has offered no evidence that Target Floors was an independent business entity, and

plaintiffs have submitted evidence that Marsigliano publicly represented Target Floors to be a

sole proprietorship, the arbitration is enforceable as to Marsigliano personally.

Defendant does not otherwise challenge the enforceability of the arbitration

agreement or the reasoning of the Award.  See generally 9 U.S.C. § 10(a); Schwartz v. Merrill

Lynch & Co., 665 F.3d 444, 451-52 (2d Cir. 2011).  The arbitration award is confirmed.

CONCLUSION

Plaintiffs' motion to confirm the arbitration award is granted.  The Clerk is

directed to enter judgment for the plaintiffs.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
         September 5, 2013